# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT PALMENTA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:18-cv-1078 (SRU) |
| | : | |
| MATTHEW BLANK, et al., | : | |
|     Defendants. | : | |

## INITIAL REVIEW ORDER

On March 20, 2018, Scott Palmenta, an inmate currently confined at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, brought a civil rights complaint under 42 U.S.C. § 1983 in state court against New Canaan Police Officers Matthew Blank and Ronald Bentley, Sergeant Peter Condos, and New Canaan First Selectman Kevin Moynihan for various federal and state constitutional deprivations and state law violations. He is suing Moynihan only in his official capacity and the remaining defendants in both their individual and official capacities. On June 26, 2018, the defendants removed the action from state court pursuant to 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction over all claims arising under the United States Constitution and can exercise supplemental jurisdiction over the state law claims. *See* Pet. for Removal [Doc.#1] (citing 28 U.S.C. §§ 1331, 1367(a)). For the reasons set forth below, I dismiss Palmenta's complaint for failure to state a claim upon which relief can be granted.

I. Standard of Review

Under 18 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. <u>Factual Allegations</u>

Palmenta's complaint alleges the following facts.  On November 16, 2016, Officer Blank arrested Palmenta for attempted burglary of a motor vehicle and attempted larceny without probable cause.  Compl. [Doc.#1-1] at 2.  Despite repeated requests, the New Canaan Police Department ("NCPD") never identified for Palmenta the name of the victim whose property he allegedly attempted to burglarize.  *Id.*  Officer Bentley, who was also present during the arrest, pointed his handgun toward Palmenta's head, despite the fact that Palmenta had complied with all officer demands.  *Id.* at 3.  Shortly thereafter, Palmenta was handcuffed and placed in a police squad car.  *Id.*  None of the officers read Palmenta his *Miranda* rights until later in the evening. *Id.*  Nevertheless, the officers questioned Palmenta and used his oral responses in their police reports.  *Id.*

When he arrived at the NCPD station, Sergeant Condos verbally threatened Palmenta that

2

he would spend years in prison if he did not confess to the burglary and larceny charges. Compl. p. 3. Palmenta maintained that he was innocent of the charges. *Id.* Condos then proceeded to explain to Palmenta that his DNA was at the park where the crimes occurred and that he had been seen on camera entering several motor vehicles, but Palmenta claimed that he had never been to that park. *Id.* at 4. Palmenta offered to provide Condos with two samples of his DNA to prove his innocence, and Condos accepted. *Id.* After providing the samples, Palmenta asked Condos to seal them in his presence to ensure that they did not become contaminated, but Condos told Palmenta to "fuck off." *Id.* Despite Palmenta's requests, Condos never provided him with a waiver form for the DNA sample. *Id.*

A review of the Connecticut judicial website reveals that Palmenta pleaded guilty on March 22, 2017 to attempt to commit criminal mischief, in violation of Conn. Gen. Stat. § 53a-117, and attempt to commit criminal trespass, in violation of Conn. Gen. Stat. § 53a-109. *State v. Palmenta*, No. S20N-CR-16-0143408-S, http://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=9e808602-9160-41ad-bdb5-455b8e3ee45c. He received a sentence of six months' imprisonment. *Id.* On April 28, 2017, he pleaded guilty to burglary in the third degree, in violation of Conn. Gen. Stat. § 53a-103, and received a seven-year prison sentence, which was later modified to one year of imprisonment. *State v. Palmenta*, No. S20N-CR16-0190101-S, http://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=b9a-3cdd7-1bcc-4f2f-9938-427f998eed60. All three convictions arose from Palmenta's arrest on November 16, 2016. Palmenta did not appeal or seek any post-conviction relief in state court from his convictions.

III. Analysis

Palmenta claims that the defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution for false arrest, false imprisonment, malicious prosecution, retaliation, and unreasonable search. He is also raising state constitutional claims and tort claims of defamation and libel. However, because his constitutional claims would necessarily impugn the validity of his state convictions, the complaint must be dismissed.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, [title] 28, [section] 2254." For example, claims of malicious prosecution and false arrest both require as an element that the criminal proceeding terminated in the plaintiff's favor. *Poventud v. City of New York*, 750 F.3d 121, 130 (2d Cir. 2014) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2002)); *Jaynes v. Walkley*, No. 3:15-cv-01420 (VAB), 2016 WL 1573442, *3 (D. Conn. Apr. 19, 2016); *Torres v. Town of Bristol*, No. 3:13-cv-1335 (SRU), 2015 WL 1442722, *5 (D. Conn. Mar. 27, 2015). Thus, neither of those claims accrue unless and until there is an acquittal or other favorable termination. *See Poventud*, 750 F.3d at 131. "[A]ny final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again, qualifies as a favorable termination for purposes of a malicious prosecution action." *Id.* (quoting *Smith-Hunter*, 95 N.Y.2d at 195).

4

However, "[n]ot every [section] 1983 claim that arises out of a criminal case requires that the underlying criminal process reach a favorable termination." *Poventud*, 750 F.3d at 132. For example, a claim against a police officer for the use of excessive force during an arrest may proceed "even if the suspect is ultimately convicted of resisting arrest." *Id.* Thus, "[a] plaintiff need not prove that *any* conviction stemming from an incident with the police has been invalidated, only a conviction that could not be reconciled with the claims of his civil action." *Id.* (quoting *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)).

In this case, Palmenta raises a number of Fourth Amendment claims, including false arrest, arrest without probable cause, false imprisonment, and malicious prosecution. However, Palmenta cannot prevail on any of them because he has not alleged that his criminal proceedings from the November 16, 2016 arrest terminated in his favor. "Under Connecticut law and section 1983, a plaintiff must show that the prosecution terminated in his or her favor in order to state a claim of malicious prosecution or false arrest." *Jaynes*, 2016 WL 1573442, *3; *see also Poventud*, 750 F.3d at 130 (malicious prosecution claims require as element that proceeding terminated in favor of accused); *Torres*, 2015 WL 1442722, *5 (granting summary judgment on false arrest and false imprisonment claims for failure to show that criminal proceedings terminated in claimant's favor); *Marshall v. U.S. Postal Inspection Service*, No. 3:08-cv-1889 (JCH), 2016 WL 10571889, *5 (D. Conn. Nov. 7, 2016) ("Wrongful arrest or prosecution, if proven, would invalidate any conviction resulting from that arrest or prosecution"); *Cartier v. Lussier*, No. H-88-739 (AHN), 1990 WL 308156, *5 n.4 (D. Conn. Oct. 4, 1990) (claim of arrest without probable cause not recognized under Connecticut law; rather, it is element of malicious prosecution claim), *overruled on other grounds*, 955 F.2d 841 (2d Cir. 1992). Because the

5

record in this case shows that Palmenta pleaded guilty to the charges stemming from the November 16, 2016 arrest, and he has not alleged otherwise, his Fourth Amendment claims are subject to dismissal under *Heck*.

Palmenta argues that *Heck* does not apply to his claims because his six-month sentence for the attempted criminal mischief and attempted criminal trespass expired on September 22, 2017, and therefore, he no longer has the option of pursuing habeas corpus or any other form of post-conviction relief in state court. Compl. at 6. The Second Circuit has not fully addressed the issue whether there exists an exception to *Heck* when the claimant brings a section 1983 action at a time when he is longer in custody. *See Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014); *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 459-60 (E.D.N.Y. 2018). "[N]o Circuit court, *including* the Second Circuit, has yet to allow unfettered access to section 1983 claims solely because of a present inability to obtain habeas relief." *Opperisano*, 286 F. Supp. 3d at 460 (emphasis in original; citing *Teichmann*, 769 F.3d at 830). Many courts in this Circuit have permitted such claims when the claimant either was unable to pursue habeas relief, despite due diligence, or was in custody for too brief a period of time to pursue habeas relief as a matter of law. *See id.* at 459-60. In this case, it appears that Palmenta's sentences for the convictions stemming from the November 16, 2016 arrest have expired. However, he fails to explain why he never sought any relief in state court either by way of direct appeal or habeas corpus. Although his term of imprisonment for the crimes may have been brief, I cannot overlook Palmenta's failure to pursue any form of relief in state court to challenge the constitutionality of his arrest or convictions. *See id.* at 462-63 (plaintiff's failure to pursue any administrative or collateral relief precludes applicability of unavailability exception to *Heck*). Therefore, I conclude that *Heck*

6

bars his Fourth Amendment claims.

Moreover, none of the other constitutional claims against the defendants is plausible. There are no factual allegations to support any claim under the First, Fifth, Sixth, or Eighth Amendments to the United States Constitution. *See Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (First Amendment retaliation claim requires factual showing that claimant engaged in protected speech or conduct and official took adverse action motivated by retaliation); *Ambrose v. City of New York*, 623 F. Supp. 2d 454, 466-67 (S.D.N.Y. 2009) (Fifth Amendment applies to federal government, not to state officials); *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (section 1983 action not appropriate vehicle to bring Sixth Amendment ineffective assistance of counsel claim); *Bonilla v. Jaronczyk*, 354 F. App'x 579, 581 (2d Cir. 2009) (Eighth Amendment applies to constitutional claims arising post-conviction). As for the Fourteenth Amendment claim, any attempt to show a due process violation related to Palmenta's arrest and prosecution would necessarily invalidate his state court judgments, which I cannot do. *See Teichmann*, 769 F.3d at 826 (federal courts do not have authority to review state court judgments).

The only constitutional claim that Palmenta could state against the defendants would be a Fourth Amendment claim for excessive force, which as shown above, would be exempt from *Heck* because it would not implicate his judgments of conviction. *See Poventud*, 750 F.3d at 132. Nevertheless, his allegations are insufficient to support such a claim. To establish a Fourth Amendment excessive force claim, Palmenta must show that the force used by the defendants was "objectively unreasonable." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Here, Palmenta only alleges that Officer Bentley pointed his service weapon at him before handcuffing him and placing him under arrest. "[T]he vast majority of cases within the Second Circuit hold that

merely drawing weapons when effectuating an arrest does not constitute excessive force as a matter of law. . . ." *Dunkelberger v. Dunkelberger*, No. 14-cv-3877 (KMK), 2015 WL 5730605, *15 (S.D.N.Y. Sept. 30, 2015) (citing *Cabral v. City of New York*, No. 12-cv-4659 (LGS), 2014 WL 4636433, *11 (S.D.N.Y. Sept. 17, 2004), *Mittelman v. County of Rockland*, No. 07-cv-6382 (CM) (LMS), 2013 WL 1248623 (S.D.N.Y. Mar. 26, 2013), *Askins v. City of New York*, No. 09-cv-10315 (NRB), 2011 WL 1334838, *3 (S.D.N.Y. Mar. 25, 2011), and *Aderonmu v. Heavey*, No. 00-cv-9232 (AGS), 2001 WL 77099, *3 (S.D.N.Y. Jan. 26, 2001)). Palmenta does not allege that any of the defendants in this case physically harmed him or used any force which would be considered "objectively unreasonable." Therefore, to the extent Palmenta is attempting to raise an excessive force claim, his claim is dismissed.

Palmenta has also raised a number of state law claims against the defendants, including defamation and libel. Putting aside the notion that his complaint does not appear to allege any facts in support of those claims, I cannot exercise supplemental jurisdiction over those claims because Palmenta has not stated a plausible federal constitutional or statutory law claim against the defendants. Thus, his state law claims are remanded to state court.

**ORDERS**

For the aforementioned reasons, the federal claims in the complaint are dismissed, and the state law claims are remanded for lack of subject matter jurisdiction. The clerk is directed to effect the remand, enter judgment in favor of the defendants, and close this case.

So ordered. Dated at Bridgeport, Connecticut, this 20th day of September 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge